UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 12-05907 DMG (JCGx)** | Date | October 11, 2012 |
|---|---|---|---|

| Title | *Archie Burdette v. First Horizon Home Loan Corporation, et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| Not Present | Not Present |

**Proceedings:  IN CHAMBERS—ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. # 4] AND DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DOC. # 14] AS MOOT**

This matter is before the Court on the motion to dismiss filed by Defendants First Tennessee Bank National Association; Bank of New York Mellon f/k/a/ The Bank of New York, as Trustee for the Holders of Certificates Series FH04-07 ("BNYM Trustee"); Nationstar Mortgage, LLC; First Horizon Asset Securities Inc. ("FHASI"); and Mortgage Electronic Registration Systems, Inc. [Doc. # 4], originally set for hearing on September 14, 2012.  On September 12, 2012, the Court took the matter under submission because it was deemed appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## I.      Procedural Background

On May 30, 2012, Plaintiff Archie Burdette filed a complaint in the Los Angeles County Superior Court alleging five causes of action:  (1) wrongful foreclosure; (2) fraud; (3) quiet title; (4) declaratory relief; and (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and the Federal Reserve Acts, 24 C.F.R. § 3500 *et seq.*  On July 10, 2012, Defendants BNYM Trustee and FHASI removed the action to this Court on the basis of federal question and diversity jurisdiction.

On July 17, 2012, Defendants filed a motion to dismiss [Doc. # 4].  Plaintiff filed an opposition on August 20, 2012.  Defendants filed a reply on August 30, 2012.  On October 10, 2012, Plaintiff filed an *Ex Parte* Application for a Temporary Restraining Order [Doc. # 14] which Defendants opposed on the same day.

//

//

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 12-05907 DMG (JCGx)** | Date | October 11, 2012 |
|---|---|---|---|

| Title | *Archie Burdette v. First Horizon Home Loan Corporation, et al.* | Page | 2 of 4 |
|---|---|---|---|

## II.      Legal Standards

When plaintiffs lack standing or bring unripe claims, Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of their complaint for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In resolving a facial challenge to jurisdiction, the Court must accept the allegations of the complaint as true and draw all reasonable inferences in favor of Plaintiffs.  *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (*per curiam*) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)), *cert. denied*, 130 S.Ct. 3497, 177 L.Ed.2d 1089 (2010)).  In resolving a factual attack on jurisdiction, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.8 (9th Cir. 2012) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

## III.      Discussion

Defendants first argue that, because Plaintiff's first, fourth, and fifth claims arose out of the home loan that originated in 2004, *i.e.,* prior to the filing of his December 2, 2010 Chapter 7 bankruptcy, and there is no indication that the trustee abandoned the claims, Plaintiff lacks standing to pursue them.

As a general matter, a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case, including the debtor's causes of action." *Smith v. Arthur Anderson LLP,* 421 F.3d 989, 1002 (9th Cir. 2005) (citing 11 U.S.C. § 541(a)) (internal quotations omitted).  Thus, the "bankruptcy trustee is the representative of the bankrupt estate, and has the capacity to sue and be sued." [1]  *Smith,* 421 F.3d at 1002.  Indeed, in the Chapter 7 context, the Ninth Circuit has held that "the bankruptcy code endows the bankruptcy trustee with the <u>exclusive</u> right to sue on behalf of the estate."  *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211,* 443 F.3d 1172, 1176 (9th Cir. 2006) (emphasis added).

---

[1] "The Chapter 13 bankruptcy trustee is a creature of the Bankruptcy Code, which enumerates specific duties, rights, and powers of the bankruptcy trustee." *In re Castillo,* 297 F.3d 940, 949 (9th Cir. 2002) (referring to 11 U.S.C. §§ 323, 704, 1106, and 1302).  Section 323 provides "[t]he trustee in a case under this title is the representative of the estate . . . [and] has capacity to sue and be sued."  11 U.S.C. § 323.  Nevertheless, in light of the differences between Chapter 7 and Chapter 13 bankruptcies, the five circuit courts to consider this issue have held that Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate.  *Smith v. Rockett,* 522 F.3d 1080, 1081 (10th Cir. 2008) (citing to and affirming decisions from the Eleventh, Seventh, Second, and Third Circuits).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 12-05907 DMG (JCGx)** | Date | October 11, 2012 |

| | | | |
|---|---|---|---|
| Title | *Archie Burdette v. First Horizon Home Loan Corporation, et al.* | Page | 3 of 4 |

As of the close of a bankruptcy case, property of the estate that was scheduled is abandoned to the debtor and ceases to be property of the estate. *In re JZ L.L.C.*, 371 B.R. 412, 418 (9th Cir. BAP 2007) (citing to 11 U.S.C. § 554(c)). Unscheduled property, on the other hand, remains property of the estate after the case is closed and, in such cases, no one controls the property of the estate. *Id.* "Since no Bankruptcy Code provision authorizes a chapter 7 debtor to control property of the estate that remains in such status by virtue of § 554(d), the debtor lacks standing, and nobody is left to take the helm." *Id.* "In short, the chapter 7 estate after closing is a rudderless ship." *Id.*

Here, Plaintiff fails to establish that his pre-2010 claims were abandoned by the trustee or to assert any basis from which the Court can find that his claims are no longer the property of the bankruptcy estate. Thus, insofar as Plaintiff's first, fourth, and fifth causes of action pre-date his Chapter 7 bankruptcy filing, the Court finds that they remain property of the estate and that he lacks standing to assert such claims.

Defendants further argue that Plaintiff's claims are barred by judicial estoppel because he failed to disclose in any of his three bankruptcy filings that he had additional assets, *i.e.,* the causes of actions in this action, and yet benefitted from the automatic stay of claims against him during the bankruptcy period in December 2010 and again in March 2012 through the present. The Court finds merit in Defendants' position.

In *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001), the Ninth Circuit established that, "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action <u>not</u> raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783 (emphasis added). Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset. While the Ninth Circuit has restricted the application of judicial estoppel to instances where the court relied on or accepted the party's prior inconsistent position, the court in *Hamilton* specifically noted that it is not required that a bankruptcy court actually discharge debts before finding the "judicial acceptance prong" is satisfied. *Id.* at 784 (imposing judicial estoppel where the debtor enjoyed the benefit of both an automatic stay and a discharge of his debt, but failed to disclose the claims on his bankruptcy schedules).

Similarly, in this action, Plaintiff filed for Chapter 7 bankruptcy on December 2, 2010 and then for Chapter 13 bankruptcy on March 29, 2012 and again on May 1, 2012. Plaintiff filed

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 12-05907 DMG (JCGx)** | Date | October 11, 2012 |
|---|---|---|---|

| Title | *Archie Burdette v. First Horizon Home Loan Corporation, et al.* | Page | 4 of 4 |
|---|---|---|---|

this action on May 30, 2012.  The transactions underlying Plaintiff's claims derive from the original loan that he obtained on October 1, 2004 and the notice of default that was recorded on May 28, 2010. (Defs' RJN, Exs. 1, 2.)[2]  Furthermore, given that he filed this action less than a month after the filing of his most recent Chapter 13 bankruptcy petition and presents no grounds establishing why he would not have known of the potential causes of action at the time of the bankruptcy filing or why he failed to amend his schedules or disclosure statements, the Court finds that lack of knowledge is no bar against the imposition of judicial estoppel.  Instead, like the debtor in *Hamilton,* Plaintiff failed to disclose the claims in his bankruptcy schedules, and yet benefited from the automatic stay.  Thus, like the court in *Hamilton,* this Court finds that it "must invoke judicial estoppel to protect the integrity of the bankruptcy process."  *Hamilton,* 270 F.3d at 785 ("The debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets").

The Court finds that Plaintiff lacks standing to prosecute this action insofar as his claims are based on pre-December 2, 2010 actions by Defendants and that he is otherwise judicially estopped from asserting the claims.  The Court **GRANTS** Defendants' motion to dismiss without leave to amend.  In light of the Court's dismissal of the action, the Court **DENIES** Plaintiff's *Ex Parte* Application for TRO as moot.

**IT IS SO ORDERED.**

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  The Court finds that the documents—public records of the property in question, pending foreclosure, and Plaintiff's bankruptcy proceedings—are subject to judicial notice under Rule 201.